# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

PAUL WILLIAMS,

    Petitioner,

v.

STEVEN JOHNSON, et al.,

    Respondents.

Civil Action No. 18-9033 (MAS)

**MEMORANDUM AND ORDER**

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Paul Williams pursuant to 28 U.S.C. § 2254. Petitioner has declared that this Petition sets forth all grounds for relief and is his one, all-inclusive habeas petition. At this time, the Court must screen the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

According to Petitioner, he was recently denied parole by the State of New Jersey. The Petition asserts two claims: (1) the denial of parole, which applied certain statutes enacted in 1997 after his date of judgment, violated the Ex Post Facto Clause of the Constitution; and (2) the denial of parole was manifestly unreasonable. The Court will allow Ground One to proceed, but dismisses Ground Two.

There is no constitutional right to parole. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). A state may create a right to parole, which New Jersey has done. *See N.J. Parole Bd. v. Byrne*, 93 N.J. 192, 208 (1983). Once that right is created by the state, the Constitution mandates adequate procedural due process protection. *Swarthout*, 562 U.S. at 220. Because there is no constitutional right to parole, however, the Supreme Court has instructed that the only issue relevant on a federal

habeas claim regarding parole is whether a petitioner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.*; *see Goodman v. McVey*, 428 F. App'x 125, 127 (3d Cir. 2011) ("[P]rocedural due process [for a state-created interest] is generally satisfied if the procedures employed afford notice of the hearing, an opportunity to be heard, and notice of any adverse action."). "Because the only federal right at issue is procedural, the relevant inquiry is what process [a petitioner] received, not whether the state court decided the case correctly." *Swarthout*, 562 U.S. at 222.

It is clear on the face of the Petition that Petitioner received adequate procedural due process protection. He received a parole hearing and was provided a notice of decision, a final agency decision, and even an opportunity to appeal to the state court. (Pet. 7, ECF No. 1.) That is all the Constitution requires, and this Court has no authority to adjudicate the merits of the parole denial. *See Swarthout*, 562 U.S. at 221. As such, Ground Two is dismissed.

**IT IS** on this \_\_\_23rd\_\_\_ day of August, 2018,

**ORDERED** that Ground Two of the Petition is hereby **DISMISSED**;

**ORDERED** the Clerk shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau;

**ORDERED**, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer;

**ORDERED** that, where the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a Motion to Dismiss the Petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the Petition is unnecessary;

**ORDERED** that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits;

**ORDERED** that, if Petitioner files an opposition brief, Respondents shall have ten (10) days to file a reply brief;

**ORDERED** that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims;

**ORDERED** that if Respondents do not file a Motion to Dismiss the Petition, they shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order;

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b);

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant *federal* law;

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of their answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect

to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived;

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings;

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer;

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits;

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY";

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer (*see* Rule 5(e) of the Habeas Rules);

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk shall serve this Order on Petitioner by regular mail.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**