UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL WILLIAMS,

    Petitioner,

v.

STEVEN JOHNSON, et al.,

    Respondents.

Civil Action No. 18-9033 (MAS)

**MEMORANDUM AND ORDER**

**SHIPP, District Judge**

This matter comes before the Court on Respondents' unopposed Motion to Seal documents ("Motion") (ECF No. 9), as part of their opposition to Petitioner Paul William's ("Petitioner") 28 U.S.C. § 2254 petition. For the reasons stated herein, the Motion is granted.

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal, the party must demonstrate that "good cause" exists for protection of the material at issue. *EEOC v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785–86 (3d Cir. 1994)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy*, 23 F.3d at 786 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). The party seeking the order has the burden of demonstrating that there is good cause to seal the document. *Id.* at 786–87.

Local Civil Rule 5.3(c)(3) requires that a motion to seal describe with particularity:

(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

In this case, the documents Respondents seek to seal are: (1) Petitioner's pre-parole medical report; (2) certain Jersey City Police Department reports; (3) a New Jersey State Parole Board Major Crimes Summary; and (4) a mental health evaluation of Petitioner. (Decl. in Supp. of Mot. ¶ 5, ECF No. 9-1.) Respondents explain that "N.J.A.C. 10A:22-2.7(d) prohibits disclosure of an inmate's mental health records to that inmate, largely because of the risk of retaliation against the evaluator." (*Id.* ¶ 6.) Regarding the remaining documents, Respondents assert that Petitioner's privacy interest will be "irreparably violated" should those documents be made public. (*Id.* ¶ 7.) Those documents include information on Petitioner's crime, his past juvenile and criminal history, as well as personal medical records. (*Id.*)

The Court first notes that medical records have long been recognized as confidential. *See Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001) ("We have long recognized the right to privacy in one's medical information. . . ."). Moreover, the confidentiality of medical records is protected under the Health Insurance Portability and Accountability Act ("HIPAA"). *See Bertolotti v. AutoZone, Inc.*, 132 F. Supp. 3d 590, 609–10 (D.N.J. 2015). The Court finds it appropriate to seal Petitioner's medical report and mental health evaluation.

The Court has reviewed the remaining documents which contain information related to Petitioner's juvenile history, as well as detailed information related to Petitioner's crime, which includes private information of witnesses who gave statements to the police. The Court finds it appropriate to seal these documents. Accordingly, the Court grants Respondents' Motion to Seal.

IT IS on this 22nd day of April 2019,

**ORDERED** that the Motion to Seal (ECF No. 9) is hereby GRANTED;

**ORDERED** that ECF No. 10 (Cra1–Cra53) shall be filed under seal; and it is further

**ORDERED** that the Clerk shall serve this Order on Petitioner by regular U.S. mail.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**