**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAUL WILLIAMS, <br><br> Petitioner, <br><br> v. <br><br> STEVEN JOHNSON, et al., <br><br> Respondents. | Civil Action No. 18-9033 (MAS) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 filed by Petitioner Paul Williams. (ECF No. 1.) Following an order to answer, Respondents filed a response to the Petition (ECF No. 8), to which Petitioner replied. (ECF No. 11, 14.) For the following reasons, this Court will deny the Petition and will deny Petitioner a certificate of appealability.

**I.    BACKGROUND**

The Superior Court of New Jersey – Appellate Division summarized the background of this matter as follows:

> [Petitioner] is serving a life sentence after being found guilty by a jury of first-degree murder in 1972, arising from his participation in the robbery of a tavern, during the course of which an accomplice fatally shot the tavern owner. . . .
>
> On June 25, 2015, [Petitioner] became eligible for parole for the ninth time. A hearing officer referred his case to a two-member [Parole] Board panel, which denied parole and set a thirty-six month [future eligibility term]. The panel, relying on an updated confidential psychological assessment, determined there was a

> substantial likelihood that appellant would commit a new crime if released. Among other things, the panel cited: (1) serious nature of offense; (2) prior criminal record; (3) prior probation revoked for commission of new offense; (4) incarceration did not deter criminal behavior; (5) demonstrated lack of insight into criminal behavior; (6) risk assessment score of thirty, indicating a medium risk of recidivism. The panel found that those considerations outweighed the mitigating factors of appellant's participation in various institutional programs specific to behavior, being [prison disciplinary] infraction-free since his last panel appearance, favorable institutional adjustment, and achievement of medium custody status.
>
> The Board issued a final agency decision on September 23, 2015, affirming the panel's denial of parole and establishment of the thirty-six month [future eligibility term].

( ECF No. 8-5 at 7-8.)

Petitioner appealed that final decision, arguing both that the Board's decision was unreasonable and arbitrary, and that "the Board violated the Ex Post Facto Clause of the United States Constitution by reviewing his entire parole file pursuant to [N.J. Stat. Ann. §] 30:4-123.56(c)" as amended in 1997, rather than "limiting its review to new information, which was the standard prior to the 1997 amendment." (*Id.* at 9-10.) The Appellate Division affirmed the denial of parole, explicitly rejecting Petitioner's Ex Post Facto claim as both the Appellate Division "and the United States District Court" had previously rejected that argument. (*Id.* at 12.) Petitioner filed a motion for reconsideration (*Id.* at 15), which the Appellate Division denied. (*Id.* at 23.) Petitioner thereafter sought, and was denied, certification by the New Jersey Supreme Court. (*Id.* at 62.)

On or about May 9, 2018, Petitioner filed his habeas petition in this matter, in which he raised two claims – the Ex Post Facto claim which the Appellate Division rejected, and a claim challenging the merits of the Board's decision denying parole. (ECF No. 1.) On August 23, 2018,

this Court entered an order which dismissed the merits challenge. Only Petitioner's Ex Post Facto claim therefore remains before this Court.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts,

3

"a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. DISCUSSION

In his habeas petition, Petitioner argues that the New Jersey Parole Board violated his rights under the Ex Post Facto Clause of the United States Constitution by applying a version of the New Jersey parole statute which was amended in 1997 to permit the Board to consider all of a prisoner's parole file in determining whether to grant parole rather than only considering "new" information as the statute required prior to the 1997 amendment. The Ex Post Facto Clause of the Constitution prohibits the states from passing any "ex post facto law." U.S. Const. art. I, § 10, cl. 1. This prohibition applies "only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990). Essentially, the Ex Post Facto Clause establishes that "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." *Id.* at 43. A change to a state's parole scheme will qualify as an improper Ex Post Facto law where it meets two criteria – it "appl[ies] to events occurring before its enactment," and it "disadvantage[s] the offender affected by it." *Mickens-Thomas v. Vaughn*, 321 F.3d 374, 383-84 (3d Cir. 2003) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). A parole statute or policy disadvantages a prisoner where the statute or policy "would result in a significant increase in the chances of prolonged incarceration," such as in cases where a statutory change alters the "substantive criteria for parole." *Id.* at 391-392.

As noted by the Appellate Division, the specific Ex Post Facto claim Petitioner asserts has been raised and rejected multiple times by both the New Jersey courts and courts in this District. *See, e.g., Hubbard v. D'Ilio*, No. 14-7258, 2018 WL 2958605, at *5-6 (D.N.J. June 13, 2018); *Righetti v. Sherrer*, No. 07-1608, 2008 WL 4755745, at *7-8 (D.N.J. Oct. 28, 2008); *Jenkins v.*

4

*D'Amico*, No. 06-2027, 2007 WL 1797649, at *3-4 (D.N.J. June 20, 2007); *Oliver v. New Jersey State Parole Bd.*, No. 06-4540, 2007 WL 923516, at *4 (D.N.J. Mar. 26, 2007); *Trantino v. N.J. State Parole Bd.*, 752 A.2d 761, 781-82 (N.J. App. Div. 2000), *modified in part on other grounds, aff'd in part, remanded*, 764 A.2d 940 (N.J. 2001). These Courts reached the conclusion that the 1997 amendment permitting the Board to consider all of the information in a prisoner's parole file in making its decision "does not modify the parole eligibility standard applicable [to prisoners], it simply allows the Board to consider all available evidence relevant to the application of that standard" and is therefore a mere "procedural modification" which did not present a significant increase in the chances that detention would be prolonged. *Trantino*, 752 A.2d at 781-82; *see also Righetti*, 2008 WL 4755745 at *7-8. This Court agrees. As the change Petitioner challenges was merely procedural and did not meaningfully increase the likelihood of prolonged detention of that previously in place, the 1997 amendment does not qualify as an improper Ex Post Facto law.[1]

---

[1] In one of his replies, Petitioner points the Court's attention to the Appellate Division's decision in *Perry v. N.J. State Parole Bd.*, 208 A.3d 439 (N.J. App. Div. 2019), as purported support for his claim. In *Perry*, the Appellate Division held that, where a prisoner is serving a pre-1997 sentence as well as a post-1997 sentence, the Parole Board must use the pre-1997 substantive standards for determining parole eligibility as to do otherwise would amount to the application of an Ex Post Facto law. *Id.* at 196-97. This decision, however, did *not* deal with the applicability of the specific provision Petitioner challenges here – the alteration which permitted the consideration of any information in the record rather than only new information – but instead considered other amendments to the statute which were *not* applied to Petitioner in this matter. *See id.* at 194 (parole for pre-1997 convictions is "governed by the [substantive] standard[s] in [the New Jersey parole statutes in effect] prior to the amendment of those statutes" in 1997); *Trantino*, 752 A.2d at 781-82 (the 1997 amendment permitting the Board to consider all, rather than only *new*, information applies to pre-1997 convicts, although the pre-1997 *substantive* standards apply to those inmates); *see also Williams v. N.J. State Parole Bd.*, No. A-1410-15T2, 2017 WL 3091660 at *1-2 (N.J. App. Div. July 21, 2017) (noting that while the 1997 amendment permitting all information to be considered was applied to Petitioner, the decision to deny him parole was based on the pre-1997 substantive parole standard). *Perry* is thus wholly irrelevant to this matter.

Petitioner's challenge to the application of that amendment to his case is therefore without merit and is denied.[2]

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner's habeas petition is without merit for the reasons set forth above, he has failed to make a substantial showing of a denial of a constitutional right, and his petition is not adequate to receive encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability.

---

[2] In his first reply brief, Petitioner presented arguments in support of both his Ex Post Facto claim and his challenge to the merits of the Parole Board's determination. (ECF No. 11 at 10.) This Court, however, already dismissed that claim with prejudice at screening. (*See* ECF No. 3 at 1-2.) That claim remains dismissed and this Court thus need not address Petitioner's new arguments in support of that claim, though the Court notes that nothing presented in that brief would in any way change this Court's conclusion that habeas relief was not warranted on that claim as "the only federal right at issue [in a parole proceeding] is procedural, the relevant inquiry is what process [a petitioner] received, not whether the state court decided the case correctly." and habeas relief is therefore unavailable for a challenge purely to the merits of a parole determination. *Swarthout v. Cooke*, 562 U.S. 216, 219-222 (2011).

6

## V. CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**